Women's Society for the Prevention of Cruelty to Animals of Pennsylvania, Appellant,
*v.* Savage.

Argued April 30, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James Lewis Griffith,* with him *H. Thomas Felix, II,* and *Obermayer, Rebmann, Maxwell & Hippel,* for appellant.

*I. Raymond Kremer,* with him *Neil H. Stein,* and *Kremer, Krimsky & Luterman,* and *William L. O'Hey,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 9, 1970:

In July, 1967, the appellant, Women's Society for the Prevention of Cruelty to Animals of Pennsylvania, and the appellee, William Savage, entered into a written employment contract which provided, *inter alia*: "6. In the event of any dispute between the parties involving the right of the Society to terminate this contract for cause, either during its original term or any extension thereof, such dispute shall be referred to an arbitrator to be appointed under the rules of the American Arbitration Association for decision and termination shall not occur except pursuant to the decision of the arbitrator."

The contract provided for an employment term from July, 1967 until December 31, 1972. On June 26, 1969, the appellee initiated an arbitration proceeding, contending that his employment was terminated without cause by the WSPCA on June 2, 1969. He sought the balance of his salary to the end of the original contract term, December 31, 1972, and salary for the option period of five years from January 1, 1973 to December 31, 1977.

After an exchange of letters between counsel for the appellant and counsel for the appellee, it was agreed that the matter would be submitted to arbitration, but that the discovery procedure would be left to the arbitrator alone rather than be subject to the consent of opposing counsel as called for in the rules of the American Arbitration Association.

On September 3, 1969, while the parties were engaged in the process of selecting an arbitrator, the appellant commenced an action in equity in the Court of Common Pleas of Philadelphia County seeking permanent injunctive relief against any further proceedings before the American Arbitration Association either by that Association or by the appellee, Savage. Appellee

filed preliminary objections to the amended complaint and argument thereon was held on January 15, 1970.

On February 6, 1970, the court filed a memorandum and final decree sustaining the preliminary objections and dismissing the appellant's complaint. This appeal follows from that dismissal.

The issue of whether this dispute is one that is covered by the terms of the arbitration agreement is one for the court to determine. *Westmoreland H. Assn. v. West. Const. Co.*, 423 Pa. 255, 223 A. 2d 681 (1966); *Phila. Mar. Assn. v. Longshoremen's Assn.*, 382 Pa. 326, 115 A. 2d 733 (1955). As Mr. Chief Justice STERN explained in his opinion in *Phila. Mar. Assn., supra*, at page 336: "The construction of a contract to determine what questions the parties have agreed therein to submit to arbitration is one, not for the arbitrators themselves, but for the court to decide, and the court will not readily infer that it was intended to empower the arbitrators to determine the extent of their own jurisdiction: International Association of Machinists v. Cutler-Hammer, Inc., 67 N.Y.S. 317 (affirmed 297 N.Y. 519, 74 N.E. 2d 464); B. Fernandez & Hnos., S. en C. v. Rickert Rice Mills, Inc., 119 F. 2d 809, 814, 815."

In the instant case, the court found that: "A factual dispute regarding the termination of Savage's employment clearly exists in this matter, and, under the circumstances, should be resolved by the arbitrators."

Appellant contends that this was error because its complaint alleges that appellee quit and there is no reference in the record to the facts or circumstances of the quit. Therefore, according to appellant, the court's determination that there was a factual dispute was a "judicial assumption of facts not of record."

However, Paragraph 12 of the appellee's preliminary objections to the complaint averred as follows: "12. Although the said employment contract provides

that 'termination shall not occur except pursuant to the decision of the arbitrator,' it is respectfully submitted that plaintiff has not paid defendant any monies since his employment was terminated without cause by plaintiff corporation."

This indicates that a dispute clearly exists. Both sides agree that appellee's employment terminated. Appellant takes the position that it was terminated for good cause, in fact one of the best of all possible causes, i.e., appellee quit first. Appellee denies this.

We agree with the Chancellor; this type of dispute is exactly what the parties had in mind when the arbitration clause was inserted.

Decree affirmed, appellant to bear costs.