408 A.2d 850

**Burleigh MAPP, Appellant,**

**v.**

**NATIONWIDE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued June 5, 1979.

Filed Aug. 3, 1979.

Petition for Allowance of Appeal Denied Oct. 31, 1979.

Ominsky and Welsh, by Albert Ominsky, Drew S. Dorfman, Philadelphia, for appellant.

Robert Keller, Philadelphia, for appellee.

Before PRICE, DOWLING and GATES, JJ.

GATES, Judge:

Pedestrian Burleigh Mapp was involved in an accident with motorist Carl Anthony Davis. Mapp received major injuries, the value of which exceed the coverage of Davis' liability insurance policy. Davis was insured with Nationwide Insurance Company for the maximum of fifteen thousand dollars ($15,000) which was paid to Mapp. Mapp then filed a claim with his own insurance carrier for damages under the "Uninsured Motor Vehicle" coverage clause. The appellee Nationwide Insurance Company had also issued a policy of automobile liability insurance to appellant which contained a binding arbitration clause. The pertinent part of the arbitration clause is as follows:

> "If we and a covered person disagree whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or do not agree as to the amount of damages either party may make a written demand for arbitration. . . . "

Appellant demanded arbitration and appointed an arbitrator pursuant to the provisions of the policy. Appellee has refused to appoint an arbitrator. Appellant then filed a proceeding in equity in the lower court to compel appellee to appoint an arbitrator. On September 20, 1978 the lower court entered an order denying appellant's request.

The issue before us is whether the court below abused its discretion in refusing to compel appellee to appoint an arbitrator. Believing it did, we reverse the lower court's order.

It is undisputed that there was an arbitration clause in the policy issued by appellee to appellant. Appellee and appellant disagree as to whether appellant is entitled to recover damages. These issues are matters for arbitration under the terms and conditions of the insurance contract which specifically provides for binding arbitration. *Runewicz v. Keystone Insurance Company*, 476 Pa. 456, 383 A.2d 189 (1978); *Grange Mut. Casualty Co. v. PA Manufacturers' Association I. Co.*, 438 Pa. 95, 263 A.2d 732 (1970). *Gallagher v. Educator and Executive Insurers, Inc.*, 252 Pa.Super. 414, 381 A.2d 986 (1977).

While the court below had equity jurisdiction to compel appellee to appoint an arbitrator, it did not have jurisdiction to resolve the disagreement.

Order vacated and case remanded for the entry of an Order compelling appellee to appoint an arbitrator.