## Paul v. State Farm Mutual Automobile Insurance Company

*Richard M. Serbin,* for plaintiff.
*George F. Douglas, Jr.,* for defendant.

LEHMAN, *S.J.,* March 6, 1980—This matter comes before the court upon Lois E. Paul's petition in equity naming State Farm Mutual Automobile Insurance Company (hereinafter referred to as State Farm) as respondent, wherein the court is requested to direct State Farm to appoint an arbitrator and proceed with the arbitration provisions under the terms of the insurance policy at issue.

The following relevant facts appear as a matter of record. Petitioner, Lois E. Paul, is a 65 year old female who has been afflicted with rheumatoid arthritis since one year of age. She requires the use of crutches for ambulation. Miss Paul has been blind since she was 13 year old, as well as has suffered a loss of hearing in the left ear and loss of mobility in her left hand and arm from that age.

On October 3, 1977 petitioner was a passenger in a vehicle operated by her sister, Mary Paul Reifsteck, an insured of State Farm. At the intersection of Pleasant Valley Boulevard and Twenty-

fifth Street in the City of Altoona, County of Blair, Commonwealth of Pennsylvania, the Reifsteck vehicle came into contact with a 1971 Oldsmobile operated by John E. Stoehr, an uninsured operator within the terms and provisions of the subject insurance policy.

As a result of the collision, Lois E. Paul suffered severe, permanent injuries which have greatly impaired her life-style.

Under the no-fault provisions of the insurance policy, State Farm has paid petitioner $2,110.83 in replacement of lost services and $384.44 in medical bills in addition to medical coverage supplied by Medicare. Miss Paul has filed a trespass action against Mary Paul Reifsteck to no. 1045 C. P. 1979, in the Court of Common Pleas of Blair County, Pa., asserting her negligence.

In refusing to go to arbitration, State Farm has offered to pay the sum of $15,000, the full policy limit under the uninsured motorist provisions, if petitioner will release Mary Paul Reifsteck from all future claims. Petitioner has refused to sign such a release. State Farm contends that petitioner first must pursue her claim against Mary Paul Reifsteck, and should she be awarded more than $50,000 the limit of the no-fault coverage with State Farm, or if Mary Paul Reifsteck be exonerated and there be no recovery, then, and only then, can petitioner proceed to arbitration. We do not agree. For the reasons set forth hereinafter, we hold that petitioner may proceed with her uninsured motorist claim without waiting for the resolution of her civil action against Mary Paul Reifsteck, who was insured.

The ultimate purpose of the uninsured motorist legislation is to provide protection to the innocent

victims of irresponsible drivers: United Services Automobile Association Appeal, 227 Pa. Superior Ct. 508, 323 A. 2d 737 (1974). The Uninsured Motorist Act of August 14, 1963, P.L. 909, 40 P.S. §2000, as amended, does not place a limit on the total amount a victim may recover, although our courts do not imply that the injured party may pyramid separate coverages to recover more than actual losses suffered: Harleysville Mutual Casualty Company v. Blumling, 429 Pa. 389, 241 A. 2d 112 (1968). Therefore, we find no basis in law or equity to direct or prohibit Lois E. Paul from filing her actions in the forums of her choice. The provisions of the Uninsured Motorist Act must be liberally construed so that innocent victims will be protected, in keeping with the legislative intent: Blocker v. Aetna Casualty and Surety Company, 232 Pa. Superior Ct. 111, 332 A. 2d 476 (1975). The legislative intent in enacting the uninsured motorist law requires a propensity to find coverage coupled with a derogation of any conditions or restrictions in the policy or on the part of the insurer in limiting the victim's opportunity to fully recover as void and against public policy: Adelman v. State Farm Mutual Insurance Company, 255 Pa. Superior Ct. 116, 386 A. 2d 535 (1978). The release required by State Farm in the case at bar is just such a ploy to be guarded against.

Some states have developed uninsured motorist funds which contemplate that the injured claimant must, before having recourse to the fund, exhaust all reasonable efforts to secure compensation from the wrongdoer: Anno., Uninsured Motorists Fund—Recovery, 7 A.L.R. 3d 853. Pennsylvania is not such a jurisdiction. There is no separate fund, and the legislation is silent about this issue.

Therefore, we find that the victim may proceed in any and all forums of his or her choice as deemed most likely to be beneficial. All such insurance policies and their provisions must be construed liberally under the doctrine of ambiguity. We must never lose sight of the primary goal of providing for the injured the protection purchased by the insured.

Although we have found no Pennsylvania case directly on point, the Alabama case of Alabama Farm Bureau Mutual Casualty Insurance Company v. Clem, 49 Ala. App. 457, 273 So. 2d 218 (1973), expressed the purpose of uninsured motorist coverage well by stating that such statutes requiring inclusion of uninsured motorist coverage in a liability policy must be construed so as to assure a person injured at the hand of an uninsured motorist that he will be able to recover, from *whatever source* available, up to the maximum amount of his damages. (Emphasis supplied.) State Farm's release requirement would severely limit that approach without justification or reason.

Arkansas has held that an insured has the option of suing either his insurer or the uninsured motorist or both, and the insurer is not prevented from cross complaining against the uninsured motorist, or proceeding against an uninsured motorist after payment of a judgment in favor of the insured: Home Insurance Company v. Williams, 252 Ark. 1012, 483 S.W. 2d 626 (1973). We believe this to be the intent of the Pennsylvania legislation and find it equally applicable to the victim.

A liability insurer has no duty or right to control its insured's independent action against the tortfeasor: Smith v. Midwest Mutual Insurance Company, 154 Ind. App. 259, 289 N.E. 2d 788

(1972). Surely it cannot extend its arm of direction over the victim in his or her attempts to secure complete compensation for injuries endured.

To that end, and in following the recent decision of our Superior Court in Mapp v. Nationwide Insurance Company, 268 Pa. Superior Ct. 404, 408 A. 2d 850 (1979), it will be necessary for State Farm Mutual Automobile Insurance Company to proceed under the arbitration provisions of the subject insurance policy according to the following

## DECREE NISI

Now, this March 6, 1980, rule is made absolute.

It is ordered, adjudged and decreed that the prayer of petitioner be and is hereby granted, and the State Farm Mutual Automobile Insurance Company, respondent, is ordered and directed to appoint an arbitrator in the above captioned proceeding and that said Insurance Company is hereby directed to proceed forthwith under the arbitration procedures as provided in the contract of insurance of Mary Paul Reifsteck, operator of the vehicle in which petitioner was a passenger at the time of the accident, October 3, 1977, for the purpose of determining said insurance company's liability, if any, under the uninsured motorist provisions of said policy.

There shall be two arbitrators selected; one shall be chosen by Lois E. Paul, petitioner, and the other by State Farm Mutual Automobile Insurance Company, respondent, in accordance with the terms of the said policy of insurance.

The parties shall be bound by the arbitration to the extent now provided by law.

Respondent shall pay the record costs of this proceeding.

The prothonotary is ordered and directed forthwith to send a copy of this adjudication and decree nisi to all parties or their attorneys advising them of the date of filing the within adjudication and decree nisi. Unless within ten days after notice thereof exceptions be filed by any party to rulings or objections to evidence, to findings of fact, conclusions of law, and/or to this decree nisi, or exceptions be filed where there has been a failure or refusal to find any matter of fact or law substantially as requested, the within decree nisi shall be entered by the prothonotary on praecipe as the final decree.