419 A.2d 730

**Mitchell GORDON,**

v.

**KEYSTONE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed April 25, 1980.

John G. Jenemann, Philadelphia, for appellant.

Allen T. Newman, Philadelphia, for appellee.

Before PRICE, WIEAND and VAN der VOORT, JJ.*

VAN der VOORT, Judge:

■ Appellee Mitchell Gordon was involved in an automobile accident on March 14, 1977 with one Duane A. Craig. Craig was insured by Ohio Casualty Company, with policy limits of $15,000, the minimum amount required by Pennsylvania law. Appellee settled with Craig for $15,000, then sought recovery (under an uninsured motorist clause) from his own insurance company, Keystone, appellant herein, for damages in excess of the $15,000 which he had recovered from Craig. Appellee sought to proceed in arbitration (pursuant to the terms of the Act of 1927), since the contract of insurance, according to appellee's interpretation, provided for such procedure. By order of January 25, 1979, the lower court directed the parties to proceed to arbitration. Appellant has appealed to our court from that order,[1] arguing that appellee's claim did not arise out of the operation of an uninsured motor vehicle, that the arbitration provision of the insurance contract therefore did not apply,[2] and that the lower court therefore erred in directing the parties to proceed to arbitration.

* Judge DONALD E. WIEAND is sitting by special designation.

1. An appeal may be taken, as in cases of final judgments, from an order either staying or refusing to stay the trial of a suit or proceeding pending arbitration, or from an order either directing or refusing to direct the parties to proceed to arbitration. Act of April 25, 1927, P.L. 381, No. 248, § 15; as amended, June 21, 1935, P.L. 400, § 2, and June 3, 1971, P.L. 131, No. 6, § 1 (§ 509(a)(84)); as affected April 28, 1978, P.L. 202, No. 53, § 2(a)[1086], effective June 27, 1978, 5 P.S. § 175(b) (Supp.1964–78).

2. Construction of a contract to determine whether parties thereto have agreed to arbitrate, and to determine which questions the parties have agreed to arbitrate, is a matter for the courts, rather than for the arbitrators themselves. *Women's Society for Prevention of Cruelty to Animals of Pennsylvania v. Savage*, 440 Pa. 34, 36, 269 A.2d 888, 890 (1970); *United Steelworkers of America, AFL–CIO v. Westinghouse Electric Corporation*, 413 Pa. 358, 361–62, 196 A.2d 857, 858 (1964).

■ The contract of insurance between Keystone and Mitchell Gordon required Keystone to pay the insured all sums "which the insured . . . shall be legally entitled to recover as damages from the . . . operator of an uninsured automobile because of bodily injury . . . sustained by the insured, caused by accident and arising out of the . . . use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured . . . is legally entitled to recover such damages . . . shall be made by agreement between the insured . . . and the company or, if they fail to agree, by arbitration." Another provision of the uninsured motorist section of the policy clearly provides for arbitration of disputes "[i]f any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages *from the owner or operator* of an uninsured motor vehicle or of an uninsured highway vehicle . . . ." (Emphasis added). Keystone's policy could also easily have specified in the first provision that only disputes as to the insured's right to recover from *the other owner or operator* would be subject to arbitration. If the language of a policy prepared by an insurer is ambiguous or obscure, the language will be construed most favorably to the insured. *Patton v. Patton*, 413 Pa. 566, 573, 198 A.2d 578, 582 (1964); *Blocker v. Aetna Casualty*, 232 Pa.Super. 111, 114, 332 A.2d 476, 478 (1975). Furthermore, a finding that arbitration is *not* required on the issue of Keystone's liability to the insured could result in having one issue decided by the courts and other issues decided in arbitration.

In *National Grange Mutual Insurance Company v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968), the Supreme Court was faced with the construction of a similar clause in an insurance policy. The court found that the clause indicated that arbitration was contemplated for resolution of all disputes under the uninsured motorist section, noting: "[T]he policy language is the company's and it may, if it so desires, alter that language to limit arbitration to only those issues it

desires to be arbitrable, if indeed it never intended arbitration of questions other than those which it contends are arbitrable." 428 Pa. at 185–86, 236 A.2d at 761. We find *National Grange* to be controlling in the case before us. The lower court acted properly in ordering the case to proceed to arbitration in order that the arbitrators might determine whether appellee's claim arises out of the operation of an uninsured vehicle and whether appellee is entitled to recover from Keystone for damages exceeding the $15,000 which appellee has recovered from the operator of the other vehicle.

Order affirmed.