431 A.2d 283

**Margaret HART, Administratrix of the Estate of Hugh Hart, Jr., Deceased, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed June 12, 1981.

54

Marshall E. Kresman, Philadelphia, for appellant.

Joel Paul Fishbein, Philadelphia, for appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

PRICE, Judge:

This appeal arises from the order of the Court of Common Pleas of Philadelphia County denying a petition to compel arbitration under an uninsured motorist provision of an automobile insurance policy. The narrow issue for our consideration is in what forum the question of uninsured motorist coverage should be determined—whether before an arbitrator or in the Court of Common Pleas.

The pertinent facts are as follows. On January 11, 1975, Hugh Hart, Jr., sustained fatal injuries while a passenger in an automobile that was involved in an accident. Five other individuals were also killed and another was severely injured. Although the driver had automobile liability insurance in the minimum amount required in Pennsylvania,[1] the coverage was insufficient to provide financial recompense to the decedent's estate because of the multiple deaths. Accordingly, Margaret Hart, as administratrix of the estate of Hugh Hart, Jr., filed a claim pursuant to the uninsured motorist provision of the driver's policy to recover for losses not compensated by the liability coverage. She argued that exhaustion of the liability coverage without full satisfaction of her claim made the automobile in which the decedent was a passenger an uninsured vehicle within the purview of the uninsured motorist clause of the policy. The insurance carrier, State Farm Mutual Automobile Insurance Company [hereinafter State Farm], refused to pay the claim. The administratrix thereupon selected an arbitrator under a clause in the policy giving either party the right to demand arbitration if there was a dispute as to uninsured motorist coverage.[2] State Farm failed to select an arbitrator in

1. Act of April 29, 1959, P.L. 58, § 1421, 75 P.S. § 1421 (repealed 1977).

2. In pertinent part, the policy provided:

accordance with the applicable provision, thus preventing the matter from being submitted to arbitration. The administratrix then filed a petition in the Court of Common Pleas of Philadelphia County to compel the appointment of an arbitrator pursuant to the terms of the Act of 1927.[3] Perceiving that being underinsured is to be distinguished from being uninsured, the trial court reasoned that the policy's arbitration clause did not apply and that State Farm had properly refused to arbitrate. The trial court thus denied the petition and this appeal followed. For the reasons set forth below, we reverse.

 We are met at the threshold of this case by this court's ability to entertain the present appeal since appellant's brief cites no rule or authority as the basis for appellate court jurisdiction. Pa.R.A.P. 2114. Admittedly, the Act of 1927 explicitly permits an appeal from "an order staying or refusing to stay the trial of a suit or proceeding pending arbitration, or from an order either directing or refusing to direct the parties to proceed to arbitration."[4]

> Arbitration. If any person making claim under coverage U and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within 30 days, then upon request of the insured of the company such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine the question or questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company, each of whom shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration, provided that attorney fees and fees paid to medical or other expert witnesses are not deemed to be expenses of arbitration but are to be borne by the party incurring them. Unless the parties otherwise agree, the arbitration shall be conducted in the county and state in which the insured resides and in accordance with the usual rules governing procedure and admission of evidence in courts of law.

3. 5 P.S. § 161 *et seq.*

4. 5 P.S. § 175 (Supp. 1964–1979).

However, the provisions of the Act of 1927 are applicable only if the arbitration agreement specifically refers to the Act or there is other evidence, subsequent to the agreement, that the parties expressly or implicitly agreed that it should apply.[5] *Runewicz v. Keystone Insurance Co.*, 476 Pa. 456, 383 A.2d 189 (1978); *P. Agnes, Inc. v. Philadelphia Police Home Association*, 439 Pa. 448, 266 A.2d 696 (1970); *Keller v. Local 249, International Brotherhood of Teamsters*, 423 Pa. 353, 223 A.2d 724 (1966); *J. A. Robbins Company v. Airportels, Inc.*, 418 Pa. 257, 210 A.2d 896 (1965); *Wechsler v. Newman*, 256 Pa.Super. 81, 389 A.2d 611 (1978). In the instant case, the arbitration agreement in the policy did not expressly provide for application of the Act. *See* note 2 *supra.* Nonetheless, the record is convincing that both parties subsequently agreed that it should apply.

■■■■ At appellant's election and with the acquiescence of State Farm, this action was commenced by the filing of a petition for the appointment of an arbitrator pursuant to section 4 of the Act of 1927.[6] Ordinarily, the proper procedure for a party seeking to compel arbitration in accordance with an existing common law arbitration agreement is to bring an action in equity for a mandatory decree. *Reinhart v. State Automobile Insurance Association*, 242 Pa.Super. 18, 363 A.2d 1138 (1976). *Accord, Mapp v. Nationwide Insurance Co.*, 268 Pa.Super. 404, 408 A.2d 850 (1979). Thus, both parties' compliance with the procedure outlined in the Act of 1927 for the enforcement of arbitration agreements sustains the conclusion that they intended, if only by implication, to embrace the terms of the statute. Since the arbitration involved herein arises under the statutory arbitration act, the denial of appellant's petition presents a proper case for our review pursuant to 5 P.S. § 175(b).[7] *See Gordon v.*

**5.** While the Act of 1927 provided a more efficient method of enforcing arbitration agreements and awards than was provided at common law, it did not abolish common law arbitration. *See J. A. Robbins Co. v. Airportels, Inc.*, 418 Pa. 257, 210 A.2d 896 (1965); *Sukonick v. Shapiro*, 333 Pa. 289, 5 A.2d 108 (1939).

**6.** 5 P.S. § 164 (1963).

**7.** *See* note 4 and accompanying text *supra.*

*Keystone Insurance Co.*, 277 Pa. Super. 198, 419 A.2d 730 (1980); *P. Agnes, Inc. v. Philadelphia Police Home Association*, 439 Pa. 448, 266 A.2d 696. *Cf. Harwitz v. Selas Corp. of America*, 406 Pa. 539, 178 A.2d 617 (1962) (unilateral act by party of titling pleading "Appeal pursuant to Arbitration Act, As Set Forth in Title 50 [*sic*] Purdon's Statute" did not render Act of 1927 applicable on appeal from lower court order dismissing appeal from arbitrator's award).

In support of her petition to appoint an arbitrator, appellant maintained that decedent was a passenger in an uninsured automobile within the meaning of the policy's arbitration clause. In particular, appellant contended that the automobile was uninsured since the driver's liability coverage was insufficient to allow full compensation. To test the validity of this argument in the absence of an express definition of the term "uninsured automobile,"[8] the trial court adverted to the statute mandating the inclusion of uninsured motorist coverage in all automobile liability insurance policies.[9] The trial court concluded that the statute was designed to protect innocent persons from *noninsured*, financially irresponsible motorists, and not "to guarantee an irreducible minimum sum available to *every* injured person under every set of circumstances." Slip op. 4 (emphasis added). Having satisfied itself that mandatory uninsured motorist coverage did not encompass the notion of underinsurance, the trial court denied appellant's petition on the theory that the vehicle in which decedent was a passenger could not be characterized as uninsured. Irrespective of the merits of this decision, the trial court's order must be reversed.

■ This is not the first case involving the question of coverage under the arbitration provisions of an uninsured motorist clause. Pennsylvania's appellate courts have long

8. A complete copy of the insurance policy involved herein was never made part of the record.

9. 40 P.S. § 2000 (1971). The trial court also referred for this purpose to the Pennsylvania Insurance Commission's regulations. 31 Pa. Code § 63.2.

expressed the view that, in cases of this nature, all questions relative to coverage should be determined by arbitration. *See, e. g., Allstate Insurance Co. v. McMonagle*, 449 Pa. 362, 296 A.2d 738 (1972); *Pennsylvania General Insurance Co. v. Barr*, 435 Pa. 456, 257 A.2d 550 (1969); *United Services Automobile Ass'n Appeal*, 227 Pa.Super. 508, 323 A.2d 737 (1974); *Hartford Insurance Group v. Kassler*, 227 Pa.Super. 47, 324 A.2d 521 (1974).

State Farm correctly contends that it was entitled to a threshold judicial determination of whether the agreement to arbitrate embraced the dispute in issue. *See Women's Society for the Prevention of Cruelty to Animals of Pennsylvania v. Savage*, 440 Pa. 34, 269 A.2d 888 (1970). We disagree only with the trial court's specific conclusion that the question of underinsurance did not fall within the scope of the arbitration clause. In *National Grange Mutual Insurance Co. v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968), our supreme court addressed for the first time the issue with which we are now faced. There, the court emphasized that any judicial determination of "the scope of the arbitration contemplated in uninsured motorist coverage where disputes arise between the insured and the carrier . . . must be decided in the light of the language of the insurance policy affording coverage." 428 Pa. at 181, 236 A.2d at 759. In considering an arbitration clause virtually identical to that here in controversy,[10] the supreme court held that the question whether the other party to an accident was uninsured is an arbitrable issue. Pertinently, the court stated:

**10.** The policy contained the following provision:

Arbitration If any person making claim under the Uninsured Motorists Coverage and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing thereunder, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this paragraph.

We believe that the policy language expresses the agreement of the parties to submit the "matter or matters" in dispute between them, relative to the protection against uninsured motorists provision of the policy, to determination by arbitration. The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes under this coverage. That method was arbitration and *all* such disputes should be so decided.

428 Pa. at 185, 236 A.2d at 760–61 (emphasis added).

 The instant arbitration clause provides that "[t]he arbitrators shall . . . hear and determine the *question or questions* so in dispute." (emphasis added). The phrase *"matter or matters* upon which such person and the company do not agree" is certainly no more inclusive. Indeed, it would be hard to conceive of less identical language. Accordingly, we find, as did the supreme court in *Kuhn, supra,* that the breadth of the controverted arbitration clause precludes any interpretation other than the view that all questions arising under the uninsured motorist portion of the driver's policy were to be resolved by arbitration.[11]

The order entered below is reversed, and the case is remanded to the court of common pleas for the appointment of an arbitrator in accordance with the Act of 1927.

HOFFMAN, J., concurs in the result.

11. While we are of the opinion that the instant agreement clearly indicated that arbitration was contemplated for resolution of all disputes under the uninsured motorist section, we note that only our positive assurance otherwise would have caused us to affirm the decision entered below because of the general policy favoring arbitration of contractual differences. *See generally Wolf v. Baltimore,* 250 Pa.Super. 230, 378 A.2d 911 (1977). Finally, we point out that "the policy language is the company's and it may, if it so desires, alter that language to limit arbitration to only those issues it desires to be arbitrable, if indeed it never intended arbitration of questions other than those which it contends are arbitrable." *Nat'l Grange Mut. Ins. Co. v. Kuhn,* 428 Pa. at 185–86, 236 A.2d at 761. *See also Gordon v. Keystone Ins. Co.,* 277 Pa.Super. 198, 419 A.2d 730 (1980).