503 A.2d 980

**George HADE**

v.

**NATIONWIDE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 30, 1985.

Filed Jan. 28, 1986.

Joseph A. Whip, Norristown, for appellant.

Gustine Pelagatti, Philadelphia, for appellee.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County denying a petition to vacate or modify an arbitration panel's award. We affirm.

The appellant insurance company issued an automobile policy to appellee. By the terms of the contract, disputes over policy coverage arising between the parties can be submitted to arbitration. Concerning the situs of such arbitration, the policy states that "unless the insured and company agree otherwise, arbitration will take place in the

county and state in which the insured lives." Appellee resides in Montgomery County.

Following a car accident in which he was injured, appellee sought uninsured motorist benefits under the policy. Counsel for appellee, his office being in Philadelphia, filed a "petition to compel arbitration and appoint a third arbitrator" in the Philadelphia County Court of Common Pleas. In order to comply with the terms of the policy, the Honorable Thomas A. White compelled arbitration in Montgomery County; further, since the parties could not agree upon a neutral arbitrator, the judge chose one from Montgomery County to complete the three man panel. The arbitration resulted in a $300,000.00 award in favor of appellee.

Appellant challenges the award on three separate grounds. First, it asserts that all of Judge White's actions are null and void because he had no jurisdiction over the matter. Second, appellant contends Judge White improperly retained venue in contravention of the policy; in other words, he should have transferred the matter to Montgomery County at the outset to let a Montgomery County judge compel arbitration and choose an arbitrator. Lastly, appellant argues the award was excessive because it included recompense for the misconduct of an agent of appellant, a matter beyond the scope of arbitrable issues.

The first argument is wholly without merit, since both subject matter and personal jurisdiction are easily found. The very fact that a court of common pleas is competent to handle this general class of cases, 42 P.C.S. § 931, allows a finding of subject matter jurisdiction regardless of whether the court can ultimately grant relief in the case. *See Schifano v. Schifano*, 324 Pa.Super. 281, 471 A.2d 839 (1984). As concerns personal jurisdiction, it is properly based upon appellant's carrying on of business within the Commonwealth, pursuant to 42 P.C.S. § 5301(a)(2)(iii). In appellant's view, Philadelphia cannot have jurisdiction because the arbitration cannot take place there. Such reliance on the arbitration clause is misplaced, for we have explicitly held that such a clause in a contract

cannot divest a court of jurisdiction. *See Chester City School Authority v. Aberthaw Construction Company,* 460 Pa. 343, 333 A.2d 758 (1975); *Woodward Heating and Air Conditioning v. American Arbitration Association,* 259 Pa.Super. 460, 393 A.2d 917 (1978); *Wechsler v. Newman,* 256 Pa.Super. 81, 389 A.2d 611 (1978).

We turn now to appellant's second procedural attack upon the arbitration award. Again relying on the arbitration clause, appellant argues Judge White improperly retained venue when he compelled arbitration and appointed a neutral arbitrator. In appellant's view, since the arbitration itself could only occur in Montgomery County, then only a judge from that county could act on the petition seeking arbitration.

We agree with the general proposition that when an arbitration clause calls for arbitration in one particular county, parties to the contract are limited to that single forum even though the general venue rule, Pa.R.Civ.P. 2179,[1] might allow for arbitration in any of several counties. This is only logical, for the limitation is a straightforward contractual restriction voluntarily entered into by the par-

1. Pa.R.Civ.P. 2179 provides:
    (a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in
    (1) the county where its registered office or principal place of business is located; or
    (2) a county where it regularly conducts business;
    *Note; See Rule 2198*
    (3) the county where the cause of action arose; or
    (4) a county where a transaction or occurrence took place out of which the cause of action arose.
    (b) An action upon a policy of insurance against an insurance company, association or exchange, either incorporated or organized in Pennsylvania or doing business in this Commonwealth, may be brought
    (1) in a county designated in Subdivision (a) of this rule; or
    (2) in the county where the insured property is located; or
    (3) in the county where the plaintiff resides, in actions upon policies of life, accident, helath, disability, and live stock insurance or fraternal benefit certificates.
    Adopted Nov. 26, 1943, effective Aug. 1, 1944. Amended March 27, 1956, effective July 1, 1956.

ties. *See Chester City School Authority, supra.* By the same token, however, the provision calling for arbitration in only one county cannot be read as anything *more* than a contractual restraint. In other words, such a clause does not wrestle venue away from those counties outlined in Rule 2179; it only prohibits the parties from availing themselves of those options.

Applying this reasoning to the case before us, Philadelphia had venue over this action at all relevant times, since pursuant to Pa.R.Civ.P. 2179, venue lies (among other places) in any county in which appellant does business. The arbitration clause, which was silent as to where an action might be commenced,[2] only prohibited the parties from going to arbitration in Philadelphia. The clause called for arbitration in Montgomery County, and that is precisely where it occurred. Judge White, sitting on a court with proper venue, complied to the letter with the policy restrictions, and we therefore conclude that he acted properly on appellee's petition.

In a related argument, appellant asserts there is a specific provision concerning the judicial appointment of a third arbitrator which was improperly disregarded. The policy states that when the parties reach an impasse in choosing a third, neutral arbitrator, an application for judicial appointment of an arbitrator shall be made only in the county "where the action is then pending." We do not find the provision controlling here, because there was no pending action until the petition seeking appointment of an arbitrator was filed; it was that very petition which served to initiate the present action. Thus, there is no danger that appellant will be faced with the hardship of appearing in an action in one county and arbitration hearings in another. In conclusion, this argument does not alter our finding that

**2.** Due to the differences between common law arbitration (the type here before us), and statutory arbitration, *See Gentile v. Weiss*, 328 Pa.Super. 475, 477 A.2d 544 (1984), we reject appellant's contention that the statutory rules for commencement of an action have any applicability here.

there were no procedural defects in the proceedings which culminated in the award to appellee.

Finally, we consider appellant's contention that the arbitration panel's award of $300,000.00 was excessive. It was determined at the hearing that an insurance carrier who is an agent of appellant misled appellee regarding the extent of his insurance coverage. The award in large part was a compensation for the agent's acts. Appellant argues that if its agent misled appellee, this is at best the basis for a separate tort action; the issue does not amount to a "dispute over coverage" and therefore is not within the terms of the arbitration clause. Thus, appellant concludes the award should be restricted to the $60,000.00 policy limit.

At common law, the arbitrator is the final judge of both law and fact. *Hassler v. Columbia Gas Transmission Corp.*, 318 Pa.Super. 302, 464 A.2d 1354 (1984). An arbitration award is conclusive and will not be modified upon the mere urging that it is excessive. *Cargill v. Northwestern National Insurance Co. of Milwaukee*, 316 Pa.Super. 139, 462 A.2d 833 (1983). Thus, it will only be upset on appeal if it is the result of fraud, misconduct, corruption, or some other irregularity. *Flamini v. General Accidental Fire and Life Assurance Corp.*, 328 Pa.Super. 406, 477 A.2d 508 (1984); *Greenspan v. United Services Auto Association*, 324 Pa.Super. 315, 471 A.2d 856 (1984). "Irregularity" refers not to the award itself, but to the process used in arriving at the award. *Press v. Maryland Casualty Company*, 227 Pa.Super. 537, 324 A.2d 403 (1974). Admittedly, a finding that the panel considered an issue beyond the scope of the arbitration clause would support a modification of the award on appeal. In this connection, we observe that in the face of the rule giving common law arbitrators unfettered discretion, it has been explicitly held that whether a given dispute is within the terms of an arbitration agreement is for the court to determine, provided this issue is not intertwined with the merits of the claim. *Sharon Steel Corp. v. Jewell Coal and Coke Co.*, 735 F.2d 775 (3rd Cir.1984); *Hassler v.*

*Columbia Gas Transmission, supra. See generally* 5 Am.Jr.2d *Arbitration* § 15 (1962).

Our task is to reach a decision that embraces certain important principles that are somewhat antagonistic. On the one hand, it has been held that arbitration agreements are not to be extended by implication. *Hassler v. Columbia Gas Transmission, supra.* Yet we also realized in *Hassler* that the general policy of the courts of this Commonwealth as to arbitration clauses is also a very important consideration.

In some jurisdictions, such as New York, arbitration is typically limited to the issues of negligence and damages when the claim involves uninsured motorist benefits. By the more popular view, however, any issue related to coverage is within the purview of the arbitration clause. *See* 29 A.L.R.3d *Uninsured Motorist Risk-Arbitration* § 2 (1970). Pennsylvania is in accord with this prevailing view. *Id.*

In *National Grange Mutual Insurance Co. v. Kuhn,* 428 Pa. 179, 236 A.2d 758 (1968), our Supreme Court considered a provision whereby a disagreement as to amounts "which may be owing" shall go to arbitration. The Court concluded that any dispute related to coverage should be arbitrated, not just those related to the claimant's right to recover. In so holding, the Court expressed the view that court proceedings should not be compounded upon the arbitration process, insofar as the parties agreed to one form of resolution, arbitration, for coverage disputes. Other cases have similarly recognized the policy favoring the arbitration of all coverage-related issues. *See Allstate Insurance Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969); *Allegheny Home Improvement Corp. v. Franklin,* 308 Pa.Super. 225, 454 A.2d 103 (1982); *Hart v. State Farm Mutual Auto Insurance,* 288 Pa.Super. 53, 431 A.2d 283 (1981); *Gordon v. Keystone Insurance Co.,* 277 Pa.Super. 198, 419 A.2d 730 (1980); [3] *Oxford Board of School Directors v. Comm. La-*

**3.** Both Hart and Gordon were eventually overruled in *White v. Concord Mutual Ins. Co.,* 296 Pa.Super. 171, 442 A.2d 713 (1982), affirmed 500 Pa. 103, 454 A.2d 982 (1982), but only because in compelling

*bor Relations Board,* 31 Pa.Cmwlth. 441, 376 A.2d 1012 (1977). Indeed, in *Wolf v. Baltimore,* 250 Pa.Super. 230, 378 A.2d 911 (1977), we concluded that a grievance is only outside the arbitration clause when it can be said with "positive assurance" that the clause was never intended to embrace such an issue.

■ Our review of the relevant case law has unearthed no opinions in which a court of this Commonwealth was faced with the issue of whether misleading actions of an insurance company's agent is an arbitrable issue when uninsured motorist benefits are sought. Certainly, we are not prepared to hold that such agent misconduct is patently arbitrable. However, given the facts of this case in light of the principles set forth *supra,* we hold that the award of $300,000.00 must stand. We cannot say with "positive assurance" that an agreement to arbitrate disputes over coverage does not encompass the misleading acts of appellant's agent.

It may be true that the agent's conduct forms the basis for a separate tort action. However, beyond the fact that such an argument is inconsistent with judicial economy (this being one of the reasons arbitration clauses are broadly construed), it simply is not a determinative factor in passing upon arbitrability. *See* 5 Am.Jur.2d *Arbitration* § 54 (1962). As the Commonwealth Court held in *Shaler Area Education Association v. Shaler Area School Dist.,* 61 Pa.Cmwlth. 211, 433 A.2d 168 (1981), a dispute will be considered within the arbitration clause if it "rationally relates" to the matter of coverage. We find such a rational relation in this case, since the agent's conduct went directly to the issue of coverage—namely, appellee's misunderstanding as to the extent of it. Appellant urges no limitations in the contract to the effect that "disputes over coverage" refers only to a determination of appellant's liability after injuries are sustained. For us to read such an implication

arbitration they overlooked a rule calling for determination by the courts of the validity of the uninsured motorist clause itself. The proposition for which the cases are here cited was not challenged.

into the contract would be contrary to the above-stated principles calling for a reasonable effort to enforce an arbitration clause.

In conclusion, we find no "irregularity" in the panel's decision to include damages for the agent's misleading acts in the award. This being the only possible ground for disturbing the award, we therefore reject appellant's argument that it is excessive.

Order affirmed.