## Liberty Mutual Insurance Company v. Davis

*Patrick E. Dougherty,* for plaintiff.
*John H. Kennedy* and *Robert N. Opel II,* for defendant.

BROMINSKI, *J.,* June 21, 1988—This matter comes before the court on defendant's preliminary objections to plaintiff's complaint for declaratory judgment.

The facts giving rise to the present dispute are not complicated and can be succinctly stated as follows: Donald J. Davis was the owner of a Volkswagen automobile which was insured under a policy of insurance issued by Liberty Mutual Insurance Company. On March 31, 1986, Richard E. Knelly was operating Mr. Davis' automobile with the permission and consent of its owner, Donald J. Davis, who was a passenger. While driving through the Borough of Pringle the Volkswagen ran off the roadway and collided with a concrete medial barrier. Davis suffered serious injuries which ultimately resulted in his death.

Margaret C. Davis, duly appointed administratrix of the estate, presented a claim for underinsured motorist benefits to the decedent's carrier, Liberty. Liberty, which tendered $15,000 under the liability provisions of the policy between the decedent and Liberty, refused to arbitrate the claim for underinsured coverage.

On August 7, 1987 Liberty filed an action for declaratory judgment. In its complaint it alleges that the policy of insurance between the decedent and Liberty included the following language:

"Any amounts otherwise payable for damages which the covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury caused by an accident, shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

"Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A."

Liberty argues that because it paid its policy limit of $15,000 under the bodily injury portion—Part A of the policy—the above language precludes any additional payments under the underinsured provisions—Part C of the policy. Liberty therefore seeks to have this court declare that the above quoted language precludes an individual from collecting under both the liability and underinsured motorist provisions of the policy.

The estate filed preliminary objections to Liberty's complaint in the nature of a petition raising the question of jurisdiction. It argues that the policy of insurance provides that "any disputes with respect to the decedent-insured rights to recover underinsured motorist benefits will be submitted to arbitration". Therefore, defendant argues, this court is without jurisdiction and the matter must be decided by a board of arbitrators.

Liberty forcefully argues another point in its brief which was not raised in its complaint. Liberty submits that the language of its policy with the decedent contains the following provision:

"In addition, neither uninsured motor vehicle nor

underinsured motor vehicle includes any vehicle or equipment:

"(1) Owned by or furnished or available for the regular use of you or any family member."

It is this provision, Liberty argues, which takes this matter outside of the jurisdiction of the arbitrators. Since the arbitration clause is applicable to "underinsured coverage", there must first be an issue involving underinsured coverage. Liberty argues that since the policy language precludes the decedent's vehicle from being defined as an underinsured vehicle, there are no underinsured issues to be decided by arbitration.

Recent decisions of the Superior Court and the Federal District Court, as well as this court, lead us to conclude that declaratory judgment is a proper procedure to determine whether the underinsured motorist provisions of an insurance policy are applicable and therefore subject to arbitration.

*Meyers v. State Farm Insurance Co.*, (E.D. Pa. no. 86-5492) involved a situation similar to that presented here. The issue was whether the underinsured motorist provisions were applicable, thereby requiring arbitration. State Farm argued that declaratory judgment was appropriate "because the plain language of the arbitration provision limits its applicability to disputes over fault and amount and does not provide for arbitration of disputes over coverage." The court, citing *Safeco Insurance Co. v. Wetherill*, 622 F.2d 685 (3d Cir. 1980), stated that "The *Safeco* court noted that although disputes within the scope of an agreement to arbitrate must be submitted to an arbitration panel for resolution, 'the issue of whether a dispute is one that is covered by the terms of the arbitration agreement is one for the court to determine.' " Citing *Safeco*, 622 F.2d at

691 quoting *Women's Society for the Prevention of Cruelty to Animals v. Savage,* 440 Pa. 34, 36, 269 A.2d 888, 890 (1970). See also *Rocca v. Pennsylvania General Insurance Co.,* 358 Pa. Super. 67, 516 A.2d 772 (1986).

The recent decision of our Superior Court in *Wolgemuth v. Harleysville Mutual Insurance Co.,* 370 Pa. Super. 51, 535 A.2d 1145 (1988) supports the conclusion reached in *Meyers, supra. Wolgemuth* involved the issue of "whether a guest passenger who is a covered person under the terms of a policy of motor vehicle insurance applicable to the host vehicle, and who is injured in a single vehicle accident, may recover underinsurance benefits under the policy of insurance applicable to the host vehicle, when that passenger has already received the benefits of the liability coverage under that same policy." *Wolgemuth, supra.*

In *Wolgemuth,* defendant insurance company contended that under the terms of its policy the "insured vehicle could not be an underinsured motor vehicle for purposes of determining entitlement to underinsured motorist benefits." *Wolgemuth, supra.*

The insurance carrier in order to resolve the issue filed an action for declaratory judgment. No objections were raised by either the parties or the courts to this procedure.

Finally, this court has already been called upon to decide certain issues involving underinsured motorist coverage. In *DeSanto v. Prudential Insurance Co.,* Luzerne County, C.P. no. 539-C of 1987, decided February 20, 1988, Judge Cappellini decided whether a guest passenger could recover under both the liability provisions and underinsured motorist provisions of a host's insurance policy. Judge Cappellini first addressed plaintiff's claim that "his

right to underinsurance motor benefits must be decided through arbitration . . ." *DeSanto, supra* at 2.

Echoing the rationale of *Meyers, supra,* the court held that:

"Since the plain language of the policy limits the applicability of arbitration to disputes over fault and/or damages and does not provide for the arbitration of questions over coverage, we are obligated to address the issue of whether plaintiff is entitled to recover underinsurance motor vehicle benefits from defendant in addition to liability motor vehicle benefits on the same insurance policy." *DeSanto, supra* at 3.

The court went on to hold that the claimant could not recover under both policy provisions. We are not here called upon nor do we express any sentiment on whether the present circumstances differ from those addressed in *Wolgemuth* and *DeSanto*. While both cases dealt with guest passengers, the decedent herein was the owner and named insured on the policy. As such, he was a Class One beneficiary. See *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984). Moreover, *Wolgemuth* specifically refrained from addressing the issue. We are not here called upon to decide the issue and leave it for another day when the merits of the respective parties' positions can be properly addressed. We hold here that declaratory judgment is a proper procedure when the dispute over underinsured motorist benefits involves a question of coverage and not liability or damages.

Accordingly, we enter the following

## ORDER

It is hereby ordered, decreed and adjudged that the preliminary objections of defendant are dismissed.