Westmoreland Hospital Association *v.* Westmoreland Construction Company, Appellant.

Argued September 27, 1966.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward B. Doran,* for appellant.

*B. Patrick Costello,* with him *Smith, Best, Williams, Costello & Snyder,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 15, 1966:

On March 16, 1964, the Westmoreland Construction Company, hereinafter called the contractor, entered into a contract with the Westmoreland Hospital Association to erect an additional wing to the Westmoreland Hospital. During the performance of the construction work, the contractor complained that it was encountering delays in its operation because effective liaison between the hospital staff, the architectural firm and the contractor, was lacking. The contractor endeavored to correct the averred fault but was unsuccessful in its efforts. Because of the trouble here referred to, the contractor incurred an alleged loss of $37,203.

On May 19, 1965, the construction job was completed and on January 17, 1966, the contractor accepted a check in the amount of $67,421.26 in final payment for the job.

On December 28, 1965, the contractor filed a notice of demand for arbitration with the American Arbitration Association of Pittsburgh, charging that, because of failure of cooperation on the part of the Westmoreland Hospital Association, it had incurred losses in the amount of $37,203. The Hospital Association then filed a complaint in equity in the Westmoreland County Court asking that the contractor be enjoined from seeking arbitration of the indicated dispute on the ground that arbitration was not an available form of relief. The court of common pleas did so enjoin the contractor, and the contractor has appealed.

This Court has no difficulty in finding that the dispute here involved between the parties could be the

proper subject for arbitration, the agreement between them specifically declaring that "7. Arbitration.—(a) It is mutually agreed that *all* disputes arising *in connection* with this contract shall be submitted to arbitration." (Emphasis supplied) Certainly, a dispute over expenditures and losses caused by delays in the execution of the contract would be a dispute "arising in connection with" the contract.

However, the arbitration clause is not applicable in this case for the reason that, by its very terms, it obviously was not meant to apply where the contract was completed and there could be no need for a speedy resolution of a dispute. A reading of the terms of arbitration make it clear that the purpose of providing for arbitration was to settle those differences, that, arising during the course of construction, might have unduly interrupted completion of the work. The agreement provided: "(b) The work under this contract shall not be stopped or delayed in any way during the arbitration proceedings except by written mutual consent of both parties to the contract, and such mutual consent shall stipulate whether extension of the time for completion of the contract will be authorized by such stoppage or delay. (c) Demand for arbitration in connection with any dispute shall be filed in writing with the Architect and with the other party to the contract. Any demand for arbitration shall be made within thirty days after the dispute has arisen if practicable, but, in any event, no demand for arbitration shall be made after the date of final payment except in the case of a dispute arising in connection with any guarantee provisions of the Contract Documents."

As the case comes to us, the contract had already been completed by the contractor when it applied for arbitration. Thus, there was no need for arbitration; the regular channels of legal procedure were sufficient

and proper for resolvement of any post-completion disputes. This is made even more evident by the fact that after making application for arbitration the contractor accepted "final payment" for the work performed.

To enlarge the arbitration provisions of this contract to include a dispute remaining after completion of the work involved would be violative of the rule that agreements to arbitrate must be strictly construed and cannot be enlarged by implication: *McDevitt v. McDevitt*, 365 Pa. 18.

Decree affirmed; each party to bear own costs.

Mr. Justice ROBERTS concurs in the result.