## American Re-Insurance Company v. Frankford Union Mutual Insurance Company

*Morris R. Brooke*, for plaintiff.
*Henry B. Fitzpatrick, Jr.*, for defendant.

GREENBERG, J., July 25, 1969.—Plaintiff in this case seeks a preliminary injunction to restrain defendant from invoking the arbitration procedures under a contract entered into between plaintiff and defendant on January 1, 1962. Defendant claims a refund of an advanced deposit of premiums based on the fact that the plaintiff terminated the contract. It is plaintiff's position here that defendant terminated the contract and that under the contractual provisions defendant is not entitled to any refund over and above that which has already been made.

The dispute therefore concerns the manner of the termination of the contract and whether it was in fact terminated by plaintiff or defendant and it is these issues that defendant wishes to have submitted to arbitration under the terms of the contract.

Article 13 of the contract sets forth the arbitration clause as follows:

"Should an irreconcilable difference of opinion arise as to the interpretation of this Contract, it is hereby mutually agreed that, as a condition precedent to any right of action hereunder, such difference shall be submitted to arbitration, one arbiter to be chosen by the COMPANY, one by the REINSURER, and an umpire to be chosen by the two arbiters before they enter upon arbitration. In the event that either party should fail to choose an arbiter within sixty days following a written request by the other party to enter upon arbitration, the requesting party may choose two arbiters who shall in turn choose an umpire before entering upon arbitration. Each party shall present its case to the arbiters within sixty days following the date of their appointment. The decision of the arbiters shall be final and binding upon both parties, but failing to agree they shall call in the umpire and the decision of the majority shall be final and binding upon both parties. Each party shall bear the expense of its own arbiter and shall jointly and equally bear with the other the expense of the umpire and of the arbitration. In the event that the two arbiters are chosen by one party, as above provided, the expense of the arbiters, the umpire and the arbitration shall be equally divided between the two parties.

"Any such arbitration shall take place at Philadelphia, Pennsylvania, unless some other location is mutually agreed upon by the two parties in interest."

The alleged termination of the contract occurred in 1962 at which time plaintiff herein made a refund to

defendant in accordance with its position under the contract that same was terminated by defendant. The amount of the refund was sent to defendant on September 19, 1962, and same was accepted and deposited by defendant.

On March 3, 1969, more than five years later, defendant herein by letter from counsel asserted its claim for the additional amount on the basis that the contract had been terminated by plaintiff rather than by it. Thereafter when plaintiff herein refused to make the additional payment defendant attempted to invoke the provisions of the arbitration clause as aforesaid.

Plaintiff advances three principal contentions in support of its request that the court restrain any arbitration proceedings in this matter, as follows:

1. That the question of whether or not this conflict is arbitrable under the terms of the contract is initially for the court to determine and that the court should find that it is not arbitrable, and therefore grant the injunction.

2. That the claim of defendant sought to be referred to arbitration is barred by the statute of limitations.

3. Defendant is barred from asserting the claim by the equitable doctrine of laches.

The issue of whether or not this dispute is one that is covered by the terms of the arbitration agreement is one for the court to determine. See Westmoreland Hospital Association v. Westmoreland Construction Company, 423 Pa. 255 (1966); Philadelphia Marine Trade Association v. International Longshoreman's Association, Local Union No. 1291, 382 Pa. 326 (1955). In both of the above cases, the court interpreted the agreement and the facts presented to it to determine whether or not the dispute should be submitted to arbitration. As Chief Justice Stern said in Philadelphia Marine Trade Association v. International Longshore-

man's Association, Local Union No. 1291, supra, at p. 336,

"The construction of a contract to determine what questions the parties have agreed therein to submit to arbitration is one, not for the arbitrators themselves, but for the court to decide, and the court will not readily infer that it was intended to empower the arbitrators to determine the extent of their own jurisdiction. . . . (citations omitted)"

We next proceed to plaintiff's contention that the dispute in this case is not properly referable to arbitration under the contract.

Plaintiff argues that this is a factual dispute and as such does not involve an interpretation of the terms of the contract. Any such controversy however, involves an application of the terms of the contract which allegedly control to the facts as proven. Plaintiff has not demonstrated that the situation here does not fall within the provision of the arbitration clause. On the contrary, it would appear that this type of dispute is exactly what the parties had in mind when the arbitration clause was inserted. Accordingly, we hold that the matter is properly one for the arbitration procedures under the contract.

Plaintiff, as indicated, argues that defendant's claim is barred by the statute of limitations or in the alternative that defendant is estopped from asserting the claim by the equitable doctrine of laches.

We believe that these issues should be raised at the arbitration hearing and cannot properly be considered by the court at this time.

See Merchants Mutual Insurance Company v. American Arbitration Association, 433 Pa. 250 (1969); see also Allstate Insurance Company v. Taylor, 434 Pa. 21 (1968); National Grange Mutual Insurance Company v. Kuhn, 428 Pa. 179 (1968).

The above cases involve the arbitration provision under the uninsured motorist provisions of a liability insurance policy. The rationale of the decisions, however, is applicable to plaintiff's argument in this case. The Supreme Court in those cases emphasized that where the parties provide for arbitration as the method to determine disputes and the contract so indicates, then arbitration is the exclusive procedure available to the parties. In such cases a plaintiff or defendant should not be permitted to litigate part of the dispute in the courts and part before the arbitrators. This is especially true in view of the delay involved caused by the congestion and backlog in the court trial lists which presently exists. Accordingly we hold that the questions raised by plaintiff as to the statute of limitations and laches should properly be considered at the arbitration hearing.

Accordingly, plaintiff's request for a preliminary injunction is denied and the complaint is dismissed.