454 A.2d 126

SHAMOKIN AREA SCHOOL AUTHORITY

v.

The FARFIELD COMPANY (JADEN ELECTRIC DIVISION)
and American Arbitration Association.

Appeal of The FARFIELD COMPANY (JADEN
ELECTRIC DIVISION).

Superior Court of Pennsylvania.

Argued Dec. 15, 1981.

Filed Dec. 23, 1982.

Kenneth I. Levin, Philadelphia, for appellant.

Paul L. Seave, Shamokin, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

WATKINS, Judge:

This case concerns an appeal from the Court of Common Pleas of Northumberland County which held that the Shamokin Area School District Authority's obligation to arbitrate disputes arising out of the construction contract ended with the completion of the work; that the defendant-appellant The Farfield Company (Jaden Electric Division) did not demand arbitration prior to the completion of the work; and that the contract between Jaden and the school district as to whether the request for arbitration was timely made was to be decided by the Court of Common Pleas and not by the Board of Arbitrators.

We agree that the final decree of the court below which confirmed the Decree Nisi in all respects must be reversed with instructions that the petition of Jaden to compel arbitration and stay the action in equity pending arbitration and that the injunction granted to the school district enjoining

arbitration be vacated, in that the decisions made by the court below were errors of law.

The appellee authority of the school district commenced an action in equity seeking to enjoin an arbitration proceeding filed with the American Arbitration Association by the Jaden Electric Division of the Farfield Company. Jaden was the electrical contractor under contract with the Authority for the construction of the Shamokin Elementary School.

Concurrent with the filing of the suit, Jaden petitioned to compel arbitration and stay the equity suit pending the outcome of arbitration.

Jaden contends that the Court of Common Pleas erred as a matter of law in (1) holding that the Authority obligation was effective only during the course of construction; (2) concluding that the work was completed; and (3) rejecting Jaden's contention that the issue of the timeliness of its demand for arbitration was a question for the arbitrators rather than the court.

The applicable provisions of the contract concerning arbitration are as follows:

"7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payments as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof

"7.10.2 Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. The demand for arbitration shall be made within the time limits specified in Subparagraphs 2.2.10 and 2.2.11 where applicable, and in all other cases within a reasonable time after the claim, dispute or other matter in question has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

"7.10.3 The Contractor shall carry on the Work and maintain the progress schedule during any arbitration proceedings, unless otherwise agreed by him and the Owner in writing."

It was apparent that the electrical work was not entirely completed because the court below in its opinion stated that the work still to be done would take no more than one day. One day or not, this clearly indicates that the work was not completed. It was also clear from the evidence that the work to be done was not due to the fault of Jaden because of necessary preliminary work.

As to timeliness of Jaden's demand for arbitration, the Supreme Court of Pennsylvania has made it clear that where, as here, the parties have agreed to arbitrate all issues arising from the contractual relationship, procedural questions such as timeliness are reserved for the arbitrators. *Kardon v. Portare*, 466 Pa. 306, 353 A.2d 368 (1976); *Muhlenberg Township School District Authority v. Pennsylvania Fortunato Construction Co.*, 460 Pa. 260, 333 A.2d 184 (1975). See *School District of The City of Duquesne v. Duquesne Education Association*, 475 Pa. 279, 380 A.2d 353 (1977); *Shaler Area Education Association v. Shaler Area School District*, 61 Pa.Comm.Ct. 211, 433 A.2d 168 (1981); *Pennsylvania Labor Relations Board v. Greater Johnstown Area Vocational-Technical School*, 48 Pa.Comm.Ct. 604, 410 A.2d 1290 (1980).

In the instant case, the contract expressly provides: "All claims, disputes and other matters in question concerning or relating to this contract and any dispute ... as to the interpretation of the contract document shall be decided by arbitration." It follows that in *Muhlenberg* and *Kardon*, supra, that in the absence of express exclusions, adopted by the parties, to the broad language referring all issues to arbitration should be construed as conferring on the arbitrators the power to decide procedural questions as timeliness and the substantial matters raised.

■ Even if the court below was not in error as to the completion of the work, the obligation to arbitrate services survived the completion of the work. *Chester City School Authority v. Aberthaw Construction Company*, 460 Pa. 343, 333 A.2d 758 (1975); *Westmoreland Hospital Association v. Westmoreland Construction Company*, 423 Pa. 225, 223 A.2d 681 (1966).

The "work delay" provision 7.10.3 as set forth above, which the court below seized upon to hold that the arbitration obligation is limited to the completion of the work only provides for the continuance of the performance of the work in the event of arbitration.

In *Chester*, supra, the court concluded that the standard AIA provision authorized arbitration even after the performance of the work had been concluded. The result in *Westmoreland*, supra, was not based solely upon the "work delay" clause but upon a clause which expressly barred arbitration once final payment had been accepted. No such provision exists in the instant contract and Jaden has not accepted final payment.

Finally the Supreme Court in *Chester*, supra, held that the AIA "work delay" provision 7.10.3 did not limit the time when arbitration was demanded:

"In our view, 7.10.3 was only to provide for continuation of work in those areas not related to the disagreement. It clearly was not an attempt to further amend

7.10.2 which set forth the time limitations on the right to demand arbitration."

In *Gavlik Construction Company v. H.F. Campbell Co.*, 526 F.2d 777 (3rd Cir.1975), decided shortly after *Chester*, supra, the court was confronted with the same question, i.e. whether the existence of a "work delay" clause in a construction contract limits the availability of arbitration to the period of performance. The court held:

"Gavlik contends that its claim for payment due, following its complete performance under the subcontract, is not arbitrable. This argument is based upon the last sentence of Article 22 of the subcontract which provides:

... The Subcontractor shall not cause a delay of its work due to any disagreement or dispute during any arbitration resulting therefrom, except by agreement with Contractor.

"Under Gavlik's theory, this work delay clause limits arbitration to those disputes that arise only during the course of performance.

"Gavlik, in seeking authority for this position, relies upon our decision in *Hussey Metal Division v. Lectromelt Furnace Division*, 471 F.2d 556 (3rd Cir.1973), and the Pennsylvania cases cited therein. In *Hussey* this Court considered an arbitration clause consisting of three basic parts: (1) a broad provision providing for arbitration of all disputes, (2) a provision ensuring that construction work would not be delayed during arbitration, and (3) a provision requiring a demand for arbitration no later than the time for final payment. The question in *Hussey* was whether a party could invoke the arbitration clause after having completed its performance under the contract in order to resolve a dispute as to a payment owing.

"We held in *Hussey* that the dispute was not subject to arbitration. In so doing, we relied on the Pennsylvania Supreme Court's construction of identical contract provisions in *Westmoreland Hospital Assoc. v. Westmoreland Construction Co.*, 423 Pa. 255, 223 A.2d 681 (1966) and *Emmaus Municipal Authority v. Eltz*, 416 Pa. 123, 204 A.2d 926 (1964).

"The Gavlik arbitration clause differs from the arbitration clause found in *Hussey*, supra. Article 22 of the Gavlik subcontracts contains a broad arbitration provision and a work delay provision. However, Article 22 does not require that a demand for arbitration be made prior to a certain date [the time for final payment]. *It is this latter provision, found in Hussey but not here, that we find to be crucial.* While the inclusion of both a work delay and a time limitation clause *together* restrict arbitration to disputes arising during the course of construction, that result does not follow from the work delay clause alone. See also, *Schneider Inc. v. Research-Cottrell, Inc.*, 474 F.Supp. 1179 (W.D.Pa.1979), in which the court held:

[Plaintiff] argues that the instant claim is beyond the scope of Section 56 (the arbitration provision) because the duty to arbitrate the reunder expired when the contract was terminated, which in this case was when plaintiff completed performance. Plaintiff cites the following Pennsylvania and Third Circuit cases in support of its position: *Westmoreland Hospital Association v. Westmoreland Construction Co.*, 423 Pa. 255, 223 A.2d 681 (1961); *Emmaus Municipal Authority v. Eltz*, 416 Pa. 123, 204 A.2d 926 (1964); *Hussey Metal Division v. Lectromelt Furnace Division*, 471 F.2d 556 (3rd Cir. 1972). And these cases do appear to lend weight to plaintiff's argument. However, the Pennsylvania Supreme Court's later ruling in *Chester City School Authority v. Aberthaw Construction Company*, 460 Pa. 343, 333 A.2d 758 (1975) erodes whatever support *Westmoreland Hospital* and *Emmaus* may have dispositive of the issue concerning the scope of Section 56.

"The court held that a stay [of court proceedings] was proper even though the demand for arbitration was made after the expiration of the contract, ruling that *Emmaus* was distinguishable on the ground that its arbitration clause, unlike the one in *Chester*, contained a provision specifically requiring that a demand for arbitration be made no later than the date of final payment. The court

held that the inclusion of such a clause indicated that the parties intended the duty to arbitrate to expire when the contract did.

"Similarly the *Schneider* court noted, the contract in *Westmoreland* was distinguishable on the same basis, 'since it too required the demand for arbitration to be made prior to the date of final payment.'"

■ Even if there was ambiguity in the clause considered, which doesn't appear to exist and if it was intended to limit the arbitration obligation to the period of construction, explicit language could have been included to that effect. The doctrine which requires ambiguity to be resolved against the drafter, the school district, fortifies the conclusion that the obligation to arbitrate was not limited to the period of construction.

The final decree is hereby reversed in all respects, with instructions to the Court of Common Pleas to grant the Petition of The Farfield Company (Jaden Electric Division) to compel arbitration and to stay the action in equity pending arbitration and to vacate the injunction obtained by Shamokin Area School Authority.