## Donegal Mutual Insurance Co. v. Stern

*Marshall J. Tindall,* for plaintiff.
*Daniel F. Cusick,* for defendants Richard & Regina Stern.
*Robert F. McCabe,* for additional defendant.

WETTICK, *A.J.,* December 14, 1984—This is a lawsuit to recover losses from water damage to property that occurred when a water pipe in a condominium unit burst. This lawsuit is brought by the owner's insurance company which paid the owner's losses and was assigned his rights against any third

parties. Defendants are the developers, the general contractor, and the plumbing contractor of the condominium. The developers have joined the architect through a third party complaint which alleges that the architect is solely liable or liable over for improper design and failure to oversee the construction project.

The architect has filed preliminary objections raising a question of jurisdiction on the basis of the following arbitration clause contained in the contract between the architect and developers:

"9.1 All claims, disputes and other matters in question between the parties to this agreement, arising out of or relating to this agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration, arising out of or relating to this agreement, shall include, by consolidation, joinder or in any other manner, any additional person not a party to this agreement except by written consent containing a specific reference to this agreement and signed by the architect, the owner, and any other person sought to be joined. Any consent to arbitration involving an additional person or persons shall not constitute consent to arbitration of any dispute not described therein or with any person not named or described therein. This agreement to arbitrate and any agreement to arbitrate with an additional person or persons duly consented to by the parties to this agreement, shall be specifically enforceable under the prevailing arbitration law."

A contractual agreement to arbitrate a dispute does not affect the jurisdiction of a court. Basial v. Duquesne University of Holy Ghost, 278 Pa. Super.

355, 420 A.2d 578 (1980); Wechsler v. Newman, 256 Pa. Super. 81, 389 A.2d 611 (1978). Consequently, the additional defendant's preliminary objections raising a question of jurisdiction are overruled.

Although a court has jurisdiction over a dispute that the parties agreed to resolve through arbitration, a court will normally decline to consider the merits of the dispute if any party to the arbitration agreement seeks to have the dispute resolved through arbitration. Thus, a party who seeks to enforce an arbitration agreement shall present a petition to stay the court proceeding pending arbitration. 42 Pa.C.S. § 7303-4. With the consent of the parties, this court will treat the additional defendant's preliminary objections as a petition to stay these proceedings.

There are several principles of law that are relevant to the additional defendant's request to stay these proceedings. First, the court shall determine whether the parties have agreed to submit the dispute to arbitration. 42 Pa.C.S. § 7304(a). Second, if the dispute involves a party who has not agreed to submit the dispute to arbitration, a court may not require that party to arbitrate the dispute. Flightways Corp. v. Keystone Helicopter Corp., 459 Pa. 660, 331 A.2d 184 (1975). Third, contracts providing for the arbitration of disputes are viewed favorably. Borough of Ambridge Water Authority v. J. Z. Columbia, 458 Pa. 546, 328 A.2d 498 (1974). Consequently, a general clause providing for the arbitration of all disputes between the parties should be construed to include all disputes that appear to be covered by the broad language of this clause. Shamokin Area School Authority v. Fairfield County, 308 Pa. Super. 271, 454 A.2d 126 (1982).

Since the developers' allegations that the architect improperly designed and failed to oversee the construction project serve as the basis for the architect's joinder, the developers' third party complaint raises a claim or dispute between the parties as to whether the architect fulfilled its contractual obligations. Therefore, this claim comes within the broad language of the arbitration clause which provides for the arbitration of "all claims, disputes and other matters in question . . . arising out of or relating to this agreement or the breach thereof."

The developers contend that because their claim against the architect arises only if plaintiff establishes that the condominium was defectively constructed, their third party complaint should be characterized as a dispute between plaintiff and the architect and, thus, outside the scope of the arbitration agreement. We disagree. The alleged defects described in plaintiff's complaint were not necessarily caused by the architect. Consequently, the architect will be liable only if the developers prove that the architect was responsible for those defects which plaintiff establishes. For this reason, the third party complaint involves more than a claim by plaintiff against the architect.[1]

No Pennsylvania courts appear to have considered whether a court should enforce an arbitration agreement in multiparty litigation in which only some of the parties have agreed to submit the dis-

---

1. In this case, plaintiff did not sue the architect. (The architect, citing Guy v. Liederbach, 501 Pa. 47, 459 A.2d 744 (1983), contends that plaintiff could not recover from the architect.) Consequently, we need not decide whether the arbitration clause would bar a crossclaim filed by the developers against the architect if the architect had been joined as a defendant by another party to the action.

pute to arbitration. While courts of other jurisdictions have held that the policy favoring the disposition of multiparty claims in one proceeding outweighs the policy favoring the enforcement of agreements by parties to submit their disputes to arbitration (see, e.g., Prestressed Concrete, Inc. v. Adolfson and Peterson, Inc., 308 Minn. 20, 240 N.W. 2d 551 (1976); County of Jefferson v. Barton-Douglas Contractors, Inc., 282 N.W. 2d 155 (Iowa Super. Ct. 1979), the majority of the cases hold that a contract providing for arbitration should be enforced in this situation. See Town of Danvers v. Wexler Construction Co., Inc., 422 N.E. 2d 782 (Mass. Ct. of Appeals, Essex County, 1981), and cases cited therein.

We agree with the rationale in the opinions which enforce an arbitration clause under these circumstances. Although the enforcement of the arbitration clause precludes joinders permitted under the rules of procedure governing the joinder of additional defendants, parties who have obtained agreements to submit disputes to arbitration are entitled to the procedures for which they bargained. Also, the risk that a party may be exposed to inconsistent results inherently flows from the arbitration agreement. Consequently, the court should not intervene to provide protections against risks which a party agreed to assume.[2]

---

2. We recognize that any resolution of the developers' claim against the architect should perhaps be postponed until the merits of plaintiff's claim against the developers is determined. However, this does not serve as a basis for the court's refusing to honor the arbitration clause because the arbitrator may delay the arbitration until plaintiff's claim is resolved. See Town of Danvers v. Wexler Construction Co., Inc., supra at fn. 9.

In the present case, the arbitration clause is contained in a contract prepared by the architect. The architect apparently included the broad arbitration clause in this contract in order that it would not be subjected to the delays and expenses that court proceedings with many parties frequently involve. The architect apparently prefers that disputes involving its work be resolved through an arbitration procedure that has fewer pleadings, little or no discovery, no joinder of parties, no jury trial, and fewer appeal rights. We cannot ignore the clear language of a contract that provides for disputes to be resolved in this fashion unless it violates public policy. The developer has cited no case law recognizing any public policy that would serve as a basis for ignoring the clear language of the arbitration clause. Moreover, the Pennsylvania appellate court case law holding that arbitration clauses will be viewed favorably establishes that courts should not seek to protect from arbitration parties who have agreed to arbitrate their disputes.

For these reasons, we enter the following

## ORDER OF COURT

On this December 14, 1984, it is hereby ordered that:

(a) Additional defendant's preliminary objections are overruled; and

(2) Additional defendant's request to stay the proceedings involving the third party complaint is granted and these proceedings are stayed until the arbitration proceedings are completed. This order does not stay plaintiff's action against the original defendants or any crossclaims filed by the original defendants against each other.